IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA         :

                                 :

         -v-
                                 :
PROMOLD, INC.
                                 :        06-CR-6133
         Defendant.
                                 :

---

### PLEA AGREEMENT

The defendant, Promold, Inc., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

#### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a one count felony Information charging a violation of Title 18, United States Code, Section 1341 (mail fraud), which carries a maximum possible sentence of an order of probation, a fine of $500,000 and a mandatory $200 special assessment. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant assures that a meeting of the defendant's shareholders and board of directors was held where it was resolved that the defendant has been authorized to enter into this agreement.  A copy of the minutes of such meeting are attached to this plea agreement.

## II.   SENTENCING GUIDELINES

3.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## ELEMENTS OF THE CRIME

4.   The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> First, that the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations or promises;
>
> Second, that the false or fraudulent pretenses, representations or promises related to a material fact;

Third, that the Defendant acted willfully with an intent to defraud; and

Fourth, that the Defendant used the United States Postal Service by mailing or by causing to be mailed some matter or thing for the purpose of executing the scheme to defraud.

## FACTUAL BASIS

5.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a) At all times relevant, Promold, Inc. was a company located in the Western District of New York. Roy Mosely and Roger Benton worked for Eastman Kodak Company ("Kodak").
>
> b) During the years 1997 through 2000, while working for Kodak, Roy Mosely would hire Promold, Inc. to provide molding services to Kodak. Promold, Inc. would first submit a bid to Kodak. Mosely and Promold, Inc. would then agree to increase the bid so that Promold, Inc. would receive an inflated amount from Kodak. The inflated amount represented the amount of a kickback payment to Mosely and Benton, minus the taxes paid on such amount by Promold, Inc.
>
> c) During the years 1997 through 2001, the contracts awarded to Promold, Inc. by Mosely were inflated by various amounts. The government contends that total of such amounts is $189,174 and that this is the amount representing the loss to Kodak.
>
> d) Kodak paid Promold, Inc. by checks which were mailed to Promold, Inc. using the United States Mail.

   e)  The above facts are set forth for the
   limited purpose of complying with Rule
   11(b)(3) and are not intended to serve as a
   complete statement of the defendant's
   criminal conduct.


## II.  RESTITUTION

6.   Pursuant to Title 18, United States Code, Section 3663(a)(3), the parties agree that the Court shall order restitution in the amount of $189,174 to be owing to Kodak as part of the defendant's sentence.  The defendant will be jointly and severally liable for such amount with Roy Mosely and Roger Benton.


## III.  FINE DETERMINATION

7.   The government and the defendant understand that the fine in this action is determined pursuant to the Sentencing Guidelines (Sentencing Reform Act of 1984).  However, notwithstanding the guideline calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence not impose a fine in lieu of restitution.  If, after reviewing the presentence report, the Court rejects this agreement, then the

defendant shall then be afforded the opportunity to withdraw the plea of guilty. This is the only portion of the sentence that is governed by Rule 11(e)(1)(C).

### IV. PROBATION DEPARTMENT AND DETERMINATION

8. The defendant understands that the Probation Office will make an independent determination of the defendant's fine range and that the Court will ultimately determine the appropriate restitution and fine amounts.

### V. STATUTE OF LIMITATIONS

9. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to kickbacks paid to Kodak, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the

conviction becomes final.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

10. The defendant understands that the government has reserved the right to:

>   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
>   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;
>
>   c. oppose any application for a downward departure made by the defendant.

11. The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to any allegation of paying kickbacks to Kodak, committed up to the date of this agreement and about which the defendant has informed the government prior to signing this agreement.

12. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid fine, restitution or special assessment.

## VIII.   **APPEAL RIGHTS**

13. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. However, if the Court imposes a fine, and the defendant does not withdraw its guilty plea, the defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any sentence imposed by the Court which falls within or is less than the fine range recommended by the probation department, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement.

14.  The government waives its right to appeal any sentence imposed by the Court which falls within or is greater than the fine range recommended by the probation department, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence. Further, the government otherwise reserves all of its rights of appeal as provided for in the Sentencing Reform Act of 1984.

## XI.   TOTAL AGREEMENT AND AFFIRMATIONS

15.  This plea agreement represents the total agreement between the defendant, Promold, Inc., and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government

and the defendant.

> TERRANCE P. FLYNN
> United States Attorney
> Western District of New York
>
> BY: /s/ Richard A. Resnick
> RICHARD A. RESNICK
> Assistant U. S. Attorney
>
> Dated: July 21, 2006

The corporate defendant, Promold, Inc., by its attorney, Lawrence L. Kasperek, Esq. and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked **Exhibit A**, hereby agrees to all the terms of this agreement. Furthermore, the defendant, Promold, Inc., acknowledges that all the terms of this agreement, which consists of 10 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, Lawrence L. Kasperek, Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The

corporation is signing this agreement voluntarily.

_____
PROMOLD, INC.
BY:   LAWRENCE L. KASPEREK, Esq.
Attorney for Defendant and
Authorized Representative for the
Defendant

Dated: July 21, 2006

MINUTES OF SPECIAL MEETING OF SOLE (VOTING) SHAREHOLDER AND DIRECTOR OF PRO-MOLD, INC.

A special meeting of the **voting** shareholders and directors of the corporation was held at 350 Buell Road, Rochester, New York 14624 on the 14 day of July 2006.

Present: Michael A. Jelfo

(Under the terms of Pledge/Escrow Agreements signed in March 2002, stock certificates representing ownership by Jeffrey Genovese and Roger Reiner are being held in escrow until promissory notes payable to Michael A. Jelfo are paid in full; and until such notification, under the express terms of the Pledge/Escrow Agreements, for voting purposes, such stock shall be treated as though it had been redeemed by the Corporation and is being held as treasury stock.)

Michael A. Jelfo, therefore being the sole voting shareholder and sole director of the corporation, took the following actions:

BE IT HEREBY RESOLVED that

Lawrence Kasperek, Esq., is hereby authorized, as attorney for the corporation in reference to an Information in the United States District Court for the Western District of New York alleging violation of 18 U.S.C. Section 1341, more specifically, in sum and substance alleging participation by the Corporation in a scheme between January 1997 and December 2000 to obtain money from Eastman Kodak Company by means of false pretenses and representations, to agree, on behalf of the Corporation, to all of the terms of the attached Plea Agreement.

There being no further business, the meeting was adjourned.

Dated: 7/18/06

MICHAEL A. JELFO
Sole Voting Shareholder and Sole Director

DONNA BRONGO MEAGHER
Notary Public, State of New York
Monroe County, Reg #01BR6039705
Commission Expires April 10, 20 10